O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUDITH WILLIAMS HUDSON, | ) | Case No. CV 14-04528 DDP (SHx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| | ) | |
| v. | ) | |
| | ) | [Dkt. No. 11] |
| J.P. MORGAN CHASE BANK; DEB VINCENT; ROD REUSEHER; DAN SEXTON; PRINCE JOHNSON; MARTIN SANCHEZ; MATTHEW PREVIN; MARTIN SANCHEZ; MATTHEW PREVIN; MICHELLE DRGGS, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the Court is Defendant JPMorgan Chase Bank, N.A.'s motion to dismiss Plaintiff Judith Williams Hudson's Complaint alleging racial and gender discrimination and breach of contract.

**I. BACKGROUND**

Plaintiff is a homeowner with a mortgage owned or serviced by Defendant JPMorgan Chase Bank, N.A. ("Chase"). Her original loan was in her name as well as her then-husband's name; Plaintiff and her husband have since divorced. (Opp'n § I.) At some time prior

to November, 2013, Plaintiff applied to Chase for a modification of her loan that would reflect that the loan was now solely in her own name; the application was rejected. (Compl. ¶¶ 1-5.) Plaintiff requested the assistance of the United States Department of Housing and Urban Development ("HUD"), which eventually brokered an agreement ("Conciliation Agreement") between the two parties that required Chase to issue a loan modification "in the Complainant's sole name." (Compl. ¶ 6; Ex. 3, Compl., § F.) The Conciliation Agreement appears to be, and the parties do not deny that it is, a valid contract.

Chase, however, issued a loan modification document in the name of both Plaintiff and her ex-husband. (Ex. 2, Opp'n.) Chase concedes that the inclusion of the ex-husband's name "may have been an error," but notes that Plaintiff was advised by its legal department to "cross out the name . . . and sign the document in her sole name." (Mot. Dismiss § I; Ex. 4, Compl.) Plaintiff appears to agree with this narrative, noting that she received "email from defendants legal department [advising her] to remove Mr. Hudson's name from the Documents by crossing out his name." (Compl. ¶ 21.) However, Plaintiff is concerned about the legal effect of this deletion: "Plaintiff knows that this is not legal, to remove, cross out, or alter a legal document. Plaintiff knows that this does not make modification in her sole name . . . ." (Compl. ¶ 22.) This is apparently of particular concern to her because she feels that "defendants will try retaliation and foreclouse [sic]." (Pl.'s Mem. P. & A., § II at 10:6-7.)

Plaintiff also alleges that Chase and other Defendants have engaged in racial and gender discrimination against her. She

2

alleges two specific forms of discrimination.  First, Plaintiff alleges that she observed Chase employees working with "non African American women" on loan modification, while they denied Plaintiff a modification (until HUD became involved).  (Id. at 6:1-7.)  Second, Plaintiff alleges that Chase is asking her to violate the law by instructing her to cross out her husband's name on the loan modification, and that "defendants would not direct a non African American women to disface Documents."  (Compl. ¶ 22.)

## II. LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) only if it "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." Williams v. Gerber Products Co., 552 F.3d 934, 937 (9th Cir. 2008).  A complaint does not need to contain "detailed factual allegations," but "a complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

*A. Breach of Contract Claim*

Plaintiff alleges a breach of contract claim.  Plaintiff alleges, and provides plausible evidence to show, that the Conciliation Agreement negotiated by the parties with HUD's assistance requires that the loan modification be issued in her name alone, rather than in her name and her ex-husband's name.  The Conciliation Agreement appears to be a valid contract, inasmuch as

3

it contains negotiated terms and each party provides consideration for the agreement.[1] Thus, the Court assumes for purposes of this motion that it would, indeed, be a breach of contract if Chase were to deny Plaintiff a loan modification in her sole name.

However, on these facts, Chase has not yet breached the contract. The bank has, apparently in error, printed a proposed Loan Modification Agreement with Plaintiff's ex-husband's name on it. Why Chase should have been so unwilling to re-send Plaintiff a clean, typed copy of the Loan Modification Agreement without her ex-husband's name is unclear to the Court. But unless the parties have signed the Loan Modification Agreement–and there is nothing in the record to indicate that they have–there is not yet a binding contract for the loan modification. This means that the parties are free to alter the document in any way that they like, including by crossing out terms. Thus, if both parties agree to Plaintiff's striking out her ex-husband's name, and both parties subsequently sign the Loan Modification Agreement, a valid contract will be formed.[2] Plaintiff will have obtained a loan modification in her sole name–admittedly with some ugly pen marks, but still perfectly valid[3]–and Chase will have fulfilled its obligation under the Conciliation Agreement.

---

[1] Plaintiff gave consideration in the form of a promise not to sue Chase. (Ex. 3, Compl., § E.13.) Chase's consideration was a promise to provide the loan modification. (Id. at § F.)

[2] In contract terms, by modifying the text of the pre-printed Loan Modification Agreement, Plaintiff essentially makes a counter-offer. Chase would then accept the counter-offer by signing the Agreement.

[3] Whitmire v. H.K. Ferguson Co., 261 Cal.App.2d 594, 599 (1968) (under California law, courts do not consider crossed-out language in enforcing an otherwise unambiguous contract).

4

Because Chase has not yet refused to enter into a loan modification with Plaintiff, it has not yet acted in breach of the Conciliation Agreement. Moreover, by citing to and apparently adopting the email of its attorney, Dan Sexton, (Mot. Dismiss, § III.B. at 6:8-13), Chase represents to this Court that it would consider a copy with the name stricken through by hand sufficient for its purposes. While it would be cleaner and more sensible for Chase to simply provide a new, corrected copy of the agreement, Plaintiff may still obtain Chase's promised performance under the Conciliation Agreement by signing and returning the Loan Modification Agreement with the name crossed out.

In short, Chase has not yet breached, and by its own representations does not intend to breach, its duty under the Conciliation Agreement. The Court therefore grants the motion to dismiss as to this claim.

*B. Discrimination Claim*

Plaintiff also alleges that Chase has discriminated against her based on her race and sex. She alleges two forms of discrimination: first, that she was not treated the same as customers who were not African American women when she initially applied for a loan modification, and second, that Chase or its employees tried to convince her to take what she believed to be an unlawful action (striking through a portion of the Loan Modification Agreement), which she believes they would not have done had she not been an African-American woman.

As to the first point, Plaintiff cannot state a discrimination claim on these facts. Plaintiff notes in her Complaint that her initial complaint to HUD was based on "discriminatory financing in

5

a residential real estate transaction," and the Court assumes that her claim here is rooted in the Fair Housing Act ("FHA"), 42 U.S.C. 3601 et seq.[4]

To state a claim against a lender under the FHA, a plaintiff must show four things: (1) she is a member of a protected class; (2) she attempted to engage in a "real estate-related transaction" with the defendant; (3) the defendant refused to enter into such a transaction despite the plaintiff's qualifications; and (4) at around the same time, the defendant engaged in the same transaction with other people with the same qualifications. Gamble v. City of Escondido, 104 F.3d 300, 305 (9th Cir. 1997).

Here, Plaintiff alleges the first three elements, and she also alleges that others were given loan modifications while she was not. She does not, however, allege that the persons she saw being given loan modifications had *the same qualifications she did*. This is the crucial piece of the puzzle, since it is not unlawful to treat customers differently if they have different qualifications–that is, if the decision is motivated by ordinary business concerns rather than racial or gender prejudice.

Plaintiff's other claim–that Chase would not have told a non-African-American woman to alter the loan modification paperwork–also cannot be established on these facts. It is not a claim under the FHA, because Chase did not, at that stage, refuse

---

[4] Plaintiff is not a lawyer, and the Court reads her pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Even a pro se plaintiff's failure to fully set forth the factual bases of her claim in the complaint may not be fatal if she has used the Opposition to clarify needed factual allegations. Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989) ("Responsive pleadings . . . may be necessary for a pro se plaintiff to clarify his legal theories.").

6

to enter into the loan modification with Plaintiff. At best, Plaintiff's allegations might suggest that Chase's intent was to deprive her of the "benefits . . . of the contractual relationship" by inducing her to enter into partially handwritten contract, which a layperson might perceive as less secure or binding. 42 U.S.C. § 1981. Even if this is true, however, Plaintiff has not alleged any facts showing that Chase employees were motivated by Plaintiff's *race or sex*, rather than, say, ordinary bureaucratic expediency.

The Court is mindful that race and sex can sometimes play an *unconscious* role in determining the dignity or lack of dignity with which people treat one another. Unfortunately, anti-discrimination law can rarely capture and punish such fleeting and unintended forms of unequal treatment. It is not that such acts of discrimination do not occur; it is rather that proving them is extremely difficult, especially on the individual level. Such unconscious biases are more easily demonstrated at the group level, over a long period of time.[5]

Plaintiff has not alleged sufficient facts to state a claim of racial discrimination. Chase's motion is therefore granted as to this claim as well.

**IV. CONCLUSION**

Chase's motion is granted as to both claims. However, because Plaintiff is pro se, the Complaint is dismissed without prejudice, and Plaintiff is granted leave to amend her Complaint to state such

---

[5] See, e.g., Chin v. Runnels, 343 F. Supp. 2d 891, 906-907 (N.D. Cal. 2004) ("The complete absence of grand jury forepersons of Chinese, Filipino or Latino descent over a 36-year period begs the question whether unconscious stereotyping or biases may have contributed to the exclusion of these groups notwithstanding the best of intentions of those involved.").

7

facts as would state a claim.  In particular, Plaintiff has leave to file an amended Complaint should Chase actually fail in its duties under the Conciliation Agreement, if any.  Any such amended Complaint shall be filed not later than November 14, 2014.

IT IS SO ORDERED.


Dated: September 29, 2014

DEAN D. PREGERSON
United States District Judge